1   **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
2   ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
3   david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
4   mona@kazlg.com
245 Fischer Avenue, Unit D1
5   Costa Mesa, California 92626
Telephone: (800) 400-6808
6   Facsimile:  (800) 520-5523

7   **KEARNEY LITTLEFIELD, LLP**
Prescott W. Littlefield (SBN: 259049)
8   Andrew J. Kearney (SBN: 323867)
pwl@kearneylittlefield.com
9   aik@kearnevlittlefield.com
100 N Brand Blvd. Suite 424
10  Glendale, CA 91203
Telephone: (213) 473-1900
11  Facsimile:  (213) 473-1919

12  *Attorneys for Plaintiff,*
Jorge Callejas

13

14  **UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

15

| 16  **JORGE CALLEJAS, individually and on behalf of all others similarly situated,** | Case No.: |
|---|---|
| 17                                 Plaintiff, | **CLASS ACTION** |
| 18  vs. | **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER** |
| 19  **FREEDOM MORTGAGE CORPORATION,** | **PROTECTION ACT. 47 U.S.C. §§ 227, et seq.** |
| 20 | |
| 21                                 Defendant. | **JURY TRIAL DEMANDED** |
| 22 | |
| 23 | |
| 24 | |

25

26  ///

27  ///

28

- 1 -
CLASS ACTIONCOMPLAINT

# INTRODUCTION

1. Plaintiff Jorge Callejas ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Freedom Mortgage Corporation ("Defendant") in negligently and/or knowingly invading the privacy of Plaintiff and the putative class by making unsolicited calls using artificial and/or prerecorded voice, without implied or express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA").

2. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

3. As of October 16, 2013, unless the recipient has given prior express written consent,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

   ▪ Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

   ▪ Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

   ▪ Prohibit solicitations to residences that use an artificial voice or a recording.

---

[1]    Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

- Prohibit any call made using an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

4. The Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

5. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA."

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end,

CLASS ACTIONCOMPLAINT

1  Congress found that:

2  > [b]anning such automated or prerecorded telephone calls to
3  > the home, except when the receiving party consents to
   > receiving the call or when such calls are necessary in an
4  > emergency situation affecting the health and safety of the
   > consumer, is the only effective means of protecting
5  > telephone consumers from this nuisance and privacy
   > invasion.

6  *Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL

7  3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on

8  TCPA's purpose).

9  7. Congress also specifically found that "the evidence presented to the Congress

10  indicates that automated or prerecorded calls are a nuisance and an invasion of

11  privacy, regardless of the type of call…." *Id.* at §§ 12-13; see also, *Mims*, 132 S.

12  Ct. at 744.

13  8. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of

14  modern civilization, they wake us up in the morning; they interrupt our dinner at

15  night; they force the sick and elderly out of bed; they hound us until we want to

16  rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator

17  Hollings presumably intended to give telephone subscribers another option: telling

18  the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746

19  F.3d 1242 (11th Cir. 2014).

20  9. The United States Court of Appeals for the Ninth Circuit has held that

21  "[u]nsolicited telemarketing phone calls or text messages, by their nature, invade

22  the privacy and disturb the solitude of their recipients. A plaintiff alleging a

23  violation under the TCPA 'need not allege any *additional* harm beyond the one

24  Congress has identified.'"  *Van Patten v. Vertical Fitness Grp.*, No. 14-55980,

25  2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc.*

26  *v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

27

28

- 4 -

CLASS ACTIONCOMPLAINT

10. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

11. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

13. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, vendors, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## **JURISDICTION AND VENUE**

14. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises from violations of federal law.

15. Because Defendant conducts business within the State of California, personal jurisdiction is established.

16. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a)   is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

   (b)   does substantial business within this district;

   (c)   is subject to personal jurisdiction in this district; and,

   (d)   the harm to Plaintiff occurred within this district.

CLASS ACTIONCOMPLAINT

## PARTIES

17. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Los Angeles, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (3).

18. Defendant is a corporation formed under the laws of the State of New Jersey and regularly conducts business in the County of Los Angeles and in the State of California. Defendant is a "person" as defined by 47 U.S.C. § 153 (39).

19. At all times relevant herein, Defendant conducted business in the State of California and within this judicial district.

20. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## FACTUAL ALLEGATIONS

21. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in 4415 ("Cell").

22. Defendant obtained Plaintiff's cellular telephone number through unknown means. At no time did Plaintiff provide Plaintiff's cellular telephone number to Defendant, nor did Plaintiff ever enter into a business relationship Defendant. Thus, all communications from Defendant to Plaintiff were unsolicited.

23. Plaintiff is the sole user and/or subscriber of his Cell and is financially responsible for phone service to his Cell.

24. Plaintiff's Cell is his personal cellular phone.

25. At no time prior to Defendant first initiating its calls to Plaintiff did Plaintiff provide Plaintiff's Cell number to Defendant through any medium.

26. At no time did Plaintiff ever enter in a business relationship with Defendant.

27. At no point in time did Plaintiff provide Defendant with his prior express consent to receive artificial and/or prerecorded robocalls on Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

28. Defendant placed several calls to Plaintiff's Cell using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 228(b)(1)(A).

29. Specifically, Defendant initiated or placed, at minimum, the following calls to Plaintiff's Cell using an artificial and/or prerecorded voice:

- On February 14, 2023, at approximately 12:44 p.m., appearing to be calling from the number (855) 690-5900;

- On May 25, 2023, at approximately 8:56 a.m., appearing to be calling from the number (855) 690-5900;

- On June 1, 2023, at approximately 10:00 a.m., appearing to be calling from the number (855) 690-5900;

30. During at least one of the calls to Plaintiff's Cell, after Defendant's prerecorded message was played, a live agent or operator, joined the call or came on the line. Defendant's agent or operator stated that the call was for the purpose of collecting an alleged debt from a third party other than Plaintiff.

31. Defendant placed at least one call to Plaintiff's Cell resulting in Defendant leaving Plaintiff a voicemail containing a prerecorded message.

32. Upon information and belief, and based on the circumstances as described above, Defendant called Plaintiff using an artificial voice and/or prerecorded message as prohibited by 47 U.S.C. § 227(b)(1).

33. At the outset of the call(s) to Plaintiff's Cell, Plaintiff listened to the artificial voice and/or prerecorded message, and Plaintiff was able to determine that it was a prerecorded message and that he was not speaking to a live representative. *See, Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a

clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

34. It was evident to Plaintiff that the voice message he heard was prerecorded because, *inter alia*: (a) the generic content of the voice message; and (c) the tone, cadence and inflection of the voice message, which sounded to the Plaintiff's ears like a prerecorded message, rather than a personal voice message that was placed personally for the Plaintiff by a live individual on the line.

35. Based on the Plaintiff's own personal experience, the calls and/or voice messages received from Defendant clearly sounded like a prerecorded voice messages.

36. Upon information and belief, (855) 690-5900 is a number belonging to, or customarily used by, or on behalf of, Defendant. The number (855) 690-5900 also appears on Defendant's website: https://www.freedommortgage.com/contact.

37. Plaintiff did not provide Defendant and/or their agents with prior express consent to send their unwelcomed and unsolicited calls using an artificial or prerecorded voice to Plaintiff's Cell, pursuant to 47 U.S.C. § 227 (b)(1)(A).

38. The calls from Defendant each constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

39. The cellular telephone number Defendant and/or their agents made the above unauthorized calls to was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls and text messages pursuant to 47 U.S.C. § 227(b)(1).

40. Each of the above unsolicited telephonic communications by Defendant and/or their agents violated 47 U.S.C. § 227(b)(1).

41. Through this conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

42. Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant and/or their agents continued to place

CLASS ACTIONCOMPLAINT

1   unauthorized calls to Plaintiff's cellular telephone using an artificial and/or

2   prerecorded voice.

3   43. Defendant's telephonic communications forced Plaintiff to be deprived of the

4   privacy and utility of his cellular phone by forcing Plaintiff to ignore or reject

5   Defendant's disruptive calls, dismiss alerts, and/or silence his cellular phone as a

6   result of Defendant's repeated calls in violation of the TCPA.

7   44. The TCPA was intended to give individuals control over how and where they

8   receive telephonic communications.  When Defendant made the calls above to

9   Plaintiff's Cell without his consent, Defendant fail to address or respect the

10   limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's

11   privacy and violated the spirit and intent behind the TCPA.

12   45. Through the aforementioned conduct, Defendant each repeatedly violated the

13   TCPA, 47 U.S.C. §§ 227, et seq., numerous times.

14   ## STANDING

15   46. Plaintiff has standing under Article III of the Constitution of the United States of

16   America because Plaintiff's claims states: (a) valid injuries in fact; (b) which are

17   traceable to the conduct of Defendant; and (c) are likely to be redressed by a

18   favorable judicial decision. *See*, *Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1547

19   (2016)*; Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

20   ### *Injury In Fact*

21   47. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to

22   satisfy the requirements of Article III of the Constitution, as articulated in *Spokeo.*

23   *Spokeo*, 136 S.Ct. at 1547.

24   48. For an injury to be "concrete" it must be "*de facto*", meaning that it actually

25   exists.  *Eichenberger v. ESPN, Inc*, 876 F.3d 979, 982 (9th Cir. 2017). Here,

26   Plaintiff has suffered a concrete injury as Defendant made numerous unauthorized

27   calls to Plaintiff's cellular telephone using an artificial and/or prerecorded voice

28

CLASS ACTIONCOMPLAINT

1  without Plaintiff's prior express consent. Such calls are a nuisance, an invasion of

2  privacy, and an expense to Plaintiff. All these injuries are *de facto* and concrete.

3  49. For an injury to be "particularized" means that the injury must "affect the Plaintiff

4  in a personal and individual way." *Spokeo, Inc.*, 136 S.Ct. at 1543. In this case,

5  Defendant invaded Plaintiff's privacy by making numerous unauthorized calls

6  utilizing an artificial and/or prerecorded voice to Plaintiff's cellular telephone

7  without Plaintiff's prior express consent. Furthermore, Plaintiff was distracted

8  and annoyed by having to take time, reject or silence calls and dismiss alerts for

9  calls from Defendant. All of these injuries are particularized and specific to

10  Plaintiff.

### *Traceable to Defendant's Conduct*

11

12  50. The second prong required to establish standing at the pleadings phase is that

13  Plaintiff must allege facts to show that its injuries are traceable to the conduct of

14  Defendant.

15  51. The above calls are directly and explicitly linked to Defendant. The calls each

16  indicated they were from Defendant and had common phrases, repeated the same

17  words and telephone numbers which are found on Defendant's website. The calls

18  at issue are the sole source of Plaintiff's injuries caused by Defendant. Therefore,

19  Plaintiff has illustrated facts above that show that Plaintiff's injuries are traceable

20  to the conduct of Defendant.

### *Redressability*

21

22  52. The third prong to establish standing at the pleadings phase requires Plaintiff to

23  allege facts to show that the injury is likely to be redressed by a favorable judicial

24  opinion.

25  53. In the present case, Plaintiff's Prayer for Relief below includes a request for

26  damages for each call made by Defendant, as authorized by pursuant to 47 U.S.C.

27  §§ 227, et seq. The statutory damages were set by Congress and specifically

28  redress the financial damages suffered by Plaintiff.

CLASS ACTIONCOMPLAINT

54. Because on the foregoing, Plaintiff has Article III standing to sue Defendant on the claims stated herein.

## CLASS ACTION ALLEGATIONS

55. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class, which are defined is follows:

> All persons within the United States who received any telephone call/s from Defendant, its employees and/or agents, to said person's cellular telephone, made utilizing an artificial and/or prerecorded voice, and Defendant lacked prior express consent from such person to receiving such calls, within the four years prior to the filing of this action.

56. Plaintiff reserves the right to modify the definition of the Class as warranted as facts are learned in further investigation and discovery.

57. Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class *via* their cellular telephones using an artificial and/or prerecorded voice, thereby causing Plaintiff and the Class to incur certain cellular telephone charges and/or reduce cellular telephone time for which Plaintiff and the Class members previously paid; and Plaintiff and Class members' privacy was invaded.

58. The exact size of the Class is presently unknown but can be ascertained through a review of Defendant's records, and it is clear that individual joinder is impracticable.  Defendant made telephone calls to thousands of consumers who fall into the definition of the Class.

59. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

60. Common questions for the Class include, without limitation:
   - Whether Defendant's conduct violated the TCPA;

- ▪ Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;
- ▪ Whether Defendant made phone calls to consumers using a prerecorded voice to any telephone number assigned to a cellular phone service; and
- ▪ Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

61. Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

62. Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

63. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

64. This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

65. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

66. This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

67. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

CLASS ACTIONCOMPLAINT

68. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

69. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

70. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSES OF ACTION

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA

### 47 U.S.C. § 227(B)(1)(A)(III)

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

73. Defendant and/or their agents placed at several unauthorized calls to Plaintiff's cellular telephone using an artificial and/or prerecorded voice without Plaintiff's prior express consent.

74. As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to, and does seek, an award of $500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) from each Defendant individually.

75. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### 47 U.S.C. §§ 227, *ET SEQ.*

76. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

77. The foregoing acts and omissions constitute numerous and multiple knowing and/or willful violations of the TCPA by Defendant, including but not limited to violations of each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*

78. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to and seeks an award of treble damages as provided by statute, of $1,500.00 in statutory damages for each violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and § 227(b)(3)(C).

79. As a result of Defendant's violations of the TCPA, Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct by Defendant violating the TCPA in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests the Court grant the following relief against Defendant:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's Counsel as Class Counsel;

- An Order finding Defendant's conduct, as alleged above, to be in violation of the TCPA;

- Injunctive relief pursuant to 47 U.S.C. § 227(b)(3)(A) requiring Defendant to cease all unsolicited telephone calls to Plaintiff and prohibiting Defendant from using, or contracting the use of, an artificial or prerecorded voice without obtaining prior express consent to receive such telephonic communications in the future;

- Statutory damages of $500.00 for each and every one of each Defendant's negligent violations of 47 U.S.C. § 227(b)(1)(A) pursuant to 47 U.S.C. § 227(b)(3);

- Statutory damages of $1,500.00 for each and every one of each Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A) pursuant to 47 U.S.C. § 227(b)(3);

- An award of costs of litigation;

- Pre-judgment and post-judgment interest as may be allowed by applicable law; and

- Any other relief the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, individually and on behalf of the Class, demands a trial by jury of any and all triable issues.

Dated: August 10, 2023                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**


                                        By:   *s/ Abbas Kazerounian*
                                              ABBAS KAZEROUNIAN, ESQ.
                                              DAVID J. MCGLOTHLIN, ESQ.
                                              MONA AMINI, ESQ.
                                              *Attorneys for Plaintiff*

CLASS ACTIONCOMPLAINT